OSCN Found Document:STEELE v. PRUITT

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STEELE v. PRUITT
2016 OK 87
Case Number: 115190
Decided: 08/08/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 87, __ P.3d __

 

KRIS STEELE, REV. DR. GEORGE E. YOUNG, TOM WARD and OKLAHOMANS FOR CRIMINAL JUSTICE REFORM, INC., Petitioners,
v.
THE HONORABLE SCOTT PRUITT, ATTORNEY GENERAL OF OKLAHOMA, Respondent.

ORIGINAL PROCEEDING TO DETERMINE THE SUFFICIENCY OF THE
REWRITTEN BALLOT TITLES FOR INITIATIVE PETITION NO. 404, STATE
QUESTION 780 AND INITIATIVE PETITION NO. 405, STATE QUESTION 781

¶0 The Petitioners filed an original proceeding to challenge the sufficiency of the Attorney General's rewritten ballot titles for Initiative Petition No. 404, State Question 780 and Initiative Petition No. 405, State Question 781. We hold there are deficiencies in both the proposed and rewritten ballot titles. We hereby amend the ballot titles pursuant to 34 O.S. Supp. 2015, § 10.

APPLICATION TO ASSUME ORIGINAL JURISDICTION IS GRANTED;
BALLOT TITLES DECLARED DEFICIENT AND ARE HEREBY AMENDED
BY THIS COURT PURSUANT TO TITLE 34 O.S. SUPP. 2015, § 10

D. Kent Meyers, Melanie Wilson Rughani, and Paige Masters, Crowe & Dunlevy, Oklahoma City, Oklahoma, for Petitioners.
Cara N. Rodriguez, General Counsel and Sarah A. Greenwalt, Assistant Solicitor General, Office of the Attorney General, Oklahoma City, Oklahoma, for Respondent.

COMBS, V.C.J.:

FACTS AND PROCEDURAL HISTORY

¶1 On January 27, 2016, the proponents of Initiative Petition No. 404, State Question 780 and Initiative Petition No. 405, State Question 781, Kris Steele, Rev. Dr. George E. Young, Sr., Tom Ward, and Oklahomans for Criminal Justice Reform, Inc. (collectively Petitioners), filed both petitions and their ballot titles with the Secretary of State pursuant to 34 O.S. Supp. 2015, § 8 (A).
The ballot titles read as follows:

The Petitioners' Original Filed Ballot Titles (January 27, 2016):

Initiative Petition No. 404:

This measure amends statutes to reform criminal sentences for certain property and drug offenses. It makes certain property offenses misdemeanors. It makes simple drug possession a misdemeanor. Property offenses where the value of the property is one thousand dollars or more remain felonies, and the distribution, possession with intent to distribute, transportation with intent to distribute, manufacture, or trafficking of drugs remain felonies.

Initiative Petition No. 405:

This measure creates the County Community Safety Investment Fund. The fund consists of costs saved by reclassifying as misdemeanors certain property crimes and drug possession. The funds must be distributed to counties for the purpose of funding rehabilitative programs, such as mental health and substance abuse treatment programs. This measure only becomes effective if voters approve State Question 780 the Oklahoma Smart Justice Reform Act.

¶2 Neither petition was challenged pursuant to 34 O.S. Supp. 2015, § 8 (C) and accordingly, both were circulated throughout the state for signatures. On June 2, 2016, the Petitioners filed their signed petitions with the Secretary of State. Thereupon, the Secretary of State submitted a copy of the Petitioners' proposed ballot titles to the Attorney General, Scott Pruitt (Respondent), pursuant to 34 O.S. Supp. 2015, §§ 8 (H) and 9 (D), for his review of their legal correctness. On June 9, 2016, the Respondent notified the Secretary of State that the ballot titles did not comply with the law and he would submit alternate ballot titles. The Respondent had the following issues with the Petitioners' ballot titles:

Initiative Petition 404 Ballot Title[1]:

It fails to explain in basic words the effect of the proposition because:

1. It fails to explain that distinctions within simple drug possession charges are no longer made based on the type of drug possessed.

2. It fails to explain that enhancements based on the number of possession offenses and on the location of the offense have been removed.

3. It fails to state that the value of the property for the identified felony property offenses increased from $500 to $1000.

Initiative Petition 405 Ballot Title[2]:

It fails to explain in basic words the effect of the proposition because it does not explain that the Office of Management and Enterprise Services will be responsible for calculating the funds to be deposited in the County Community Safety Investment Fund and that these calculations will be based on actual data or best available estimates.

¶3 On June 22, 2016, the Respondent submitted the following rewritten ballot titles:

AG Rewritten Initiative Petition 404 Ballot Title:

This measure changes state law to reduce the punishments for drug possession and certain property offenses.

Under current law, drug possession is a felony when, for example:

. The drug is one that has a high potential for abuse;
. The person possessing the drug has a prior conviction for drug possession;
. The person possessed the drug within 1,000 feet of a public or private school or public park; or
. The person possessed the drug in the presence of a child under the age of twelve.

If voters approve this measure, these sorts of drug possession crimes would be misdemeanors instead of felonies.

The measure also changes the law for certain property crimes like grand larceny, embezzlement, and writing two or more bogus checks. Under current law, if the value of the property involved in those crimes is more than $500, the crime is a felony. If it is less than $500, the crime is a misdemeanor. This measure would raise that amount to $1000, so that any crime involving less than $1000 worth of property would be a misdemeanor, rather than a felony.

AG Rewritten Initiative Petition 405 Ballot Title:

This measure creates the County Community Safety Investment Fund ("Fund"), but only if voters also approve State Question 780, the Oklahoma Smart Justice Reform Act.

This measure presumes that the Oklahoma Smart Justice Reform Act will save the State money by making drug possession and certain property crimes misdemeanors instead of felonies. The measure requires the State's Office of Management and Enterprise Services to use either actual data or its best estimate to determine how much money was saved on a yearly basis. The amount that is determined or estimated to have been saved must be deposited into the Fund and distributed to counties in proportion to their population to pay for rehabilitative programs like mental health and substance abuse treatment programs.

The measure does not identify a revenue source that will be used to pay the amount that is determined or estimated to have been saved. Payment into the Fund of this amount would be made from the General Revenue Fund, the primary fund used to pay for state government.

¶4 On July 6, 2016, this Court, pursuant to 34 O.S. Supp. 2015, § 8 (H), determined the signed petitions appeared to be numerically sufficient and ordered the Secretary of State to publish the notice required by 34 O.S. Supp. 2015, § 8 (I), informing the public that an objection may be filed.[3] The Secretary of State, on July 14, 2016, published the required notices. On July 20, 2016, the Petitioners filed their application to assume original jurisdiction to object to the rewritten ballot titles for Initiative Petition 404, State Question 780 and Initiative Petition 405, State Question 781, pursuant to 34 O.S. Supp. 2015, § 8 (I).

STANDARD OF REVIEW

¶5 The ballot title must reflect the character and purpose of the measure and not be deceptive or misleading. In re Initiative Petition No. 360, State Question No. 662, 1994 OK 97, ¶25, 879 P.2d 810. The test is whether it is written so that voters are afforded an opportunity to fairly express their will and whether it apprises voters with substantial accuracy what they are asked to approve. In re Initiative Petition No. 360, State Question No. 662, 1994 OK 97 at ¶25.

ARGUMENTS AND ANALYSIS

¶6 The Petitioners assert both rewritten ballot titles misrepresent the effect of the measures and are contrary to 34 O.S. Supp. 2015, § 9's prohibition on partiality and argument. Section 9 provides various requirements which must be met before the ballot title may be submitted to a vote of the people.[4] These requirements include: a ballot title shall use basic words of general usage, shall not contain words with special meaning not commonly known, and shall not reflect partiality in its composition or contain any argument for or against the measure. Title 34 O.S. Supp. 2015, § 9 (B) (4). A person who is dissatisfied with the wording of a ballot title may appeal to this Court by petition and offer a substitute ballot title. 34 O.S. Supp. 2015, § 10. Upon review by this Court, we may correct or amend the ballot title, accept the substitute ballot title, or draft a new ballot title conforming to 34 O.S. Supp. 2015, § 9. Id.

I. Initiative Petition 404

¶7 The Petitioners first challenge Initiative Petition 404's rewritten ballot title. They assert the Respondent's version is misleading and fails to adequately explain the effect of the proposition. Section 3 of Initiative Petition 404 amends 63 O.S. Supp. 2012, § 2-402, a section of law concerning various crimes and punishments related to controlled dangerous substances. The section changes the classification of certain crimes from felonies to misdemeanors. The Petitioners argue the rewritten ballot title focuses on only portions of the law which evoke emotionally charged responses and uses other terms of art which are misleading and may not be well understood by the citizenry. Specifically, they allege the Respondent's rewritten ballot title focuses on isolated unrepresentative examples selected to appeal to public emotion and fear, then vaguely states "these sorts of drug possession crimes would be misdemeanors instead of felonies." These examples include possessing drugs within 1000 feet of a public or private school or public park and possessing drugs in the presence of children under the age of twelve. The Petitioners note that the current law applies to more than just public and private schools and public parks. It applies to "public or private elementary or secondary school, public vocational school, public or private college or university, or other institution of higher education, recreation center or public park, including state parks and recreation areas." 63 O.S. Supp. 2012, § 2-402 (C). Emphasizing one aspect of the law over the others they claim is meant to cause fear. They assert, under current law a college student found with marijuana or Adderall, without a prescription, would also be convicted under the same felony. The Petitioners argue that the complete omission of these far more problematic examples while including two examples focused on drugs and children is misleading. They cite In re Initiative Petition No. 384, 2007 OK 48, ¶12, 164 P.3d 125, for comparison. In that case, this Court reviewed the "gist" of a measure rather than the ballot title. We found the inclusion of one item in the gist in great detail while failing to mention another important item did not provide sufficient information for a potential signatory to make an informed decision. In re Initiative Petition No. 384, 2007 OK 48 at ¶12. We held the "cut and paste" approach resulted in a "gist that, at once, contains too much and not enough information." Id. 

¶8 The Petitioners also assert the Respondent's statement that "[t]he drug is one that has a high potential for abuse" includes a term of art ("high potential for abuse") used in the medical and legal fields to classify controlled substances (Schedule I-Schedule V) for purposes of differing treatment. It also contains an emotionally laden word "abuse" which they assert carries a number of other connotations and may be misunderstood. The Petitioners note that 34 O.S. Supp. 2015, § 9 expressly forbids the use of terms which "have a special meaning for a particular profession" and their statement violates this provision.

¶9 The Petitioners argue that in addition to describing the terms of this section of the initiative petition with selective examples it also uses a completely subjective catch-all description, "these sorts of drug possession crimes" which fails to apprise voters with substantial accuracy what they are asked to approve." Citing Initiative Petition No. 360, 1994 OK 97, ¶25, 879 P.2d 810.[5] The basic effect of this amendment that, "simple drug possession would become a misdemeanor rather than a felony in all cases," was never mentioned by the Respondent. The Petitioners also note the rewritten ballot title does not mention other offenses, such as possession with intent to distribute, transportation with intent to distribute, distribution or manufacture of such drugs, will remain felonies under the proposal.

¶10 The Petitioners assert similar arguments against the Respondent's description involving property crimes. They note the rewritten ballot title selects specific property crimes, e.g., grand larceny, embezzlement and writing two or more bogus checks, and states "any crime involving less than $1000 worth of property would be a misdemeanor, rather than a felony." Petitioner points out that this is incorrect. Such crimes like theft of a car or automotive vehicle (21 O.S. § 1720), theft of a house (21 O.S. § 1723) and theft of certain domestic animals or livestock (21 O.S. § 1716) will remain felonies. They assert the Respondent's description is inaccurate and misleading and fails to meet the requirements of 34 O.S. Supp. 2015, § 9.

¶11 The Respondent asserts because of the 200-word limitation on the number of words in a ballot title, it is required to summarize the measure. Although the rewritten ballot title must be specific, the limitation prevents setting out every provision of a measure in the ballot title. The Respondent argues he did not use technical terms and emotionally charged examples in the ballot title. He notes the term "abuse" is used in the definitions of Schedule I and II drugs. Schedule I and II drugs are defined in 63 O.S. §§ 2-203 and 2-205. Under these definitions Schedule I drugs include the characteristics which have "(1) High potential for abuse" and Schedule II's definition includes drugs that have "a potential for abuse." He asserts his explanation that "under current law, drug possession is a felony when, for example: the drug is one that has a high potential for abuse," clearly and plainly explains the current law that the proposal seeks to change.

¶12 The Respondent also asserts the reference in the rewritten ballot title concerning the removal of enhancement provisions for drug possession around schools and parks was not made to evoke fearful images. He argues the reference virtually mirrors the provisions of 63 O.S. § 2-402 (C) and is "one of the effects" of the proposal. However, as mentioned, 63 O.S. § 2-402 (C) is not limited to just public or private schools and parks, it applies also to institutions of higher education as well as vocational education.[6] In addition, the Respondent takes issue with the Petitioners' simplistic explanation in their ballot title concerning drug possession. The Petitioners' ballot title, he argues, indicates the proposed amendments only concern "simple drug possession" when in fact much of what is being removed by the proposal concerns enhancement provisions. He asserts this description is at best, imprecise and at worst, misleading.

II. Initiative Petition 405

¶13 Next, the Petitioners assert the rewritten ballot title for Initiative Petition 405, suffers from the same deficiencies found in Initiative Petition 404 by conveying partiality and bias and risks misleading voters. They argue the Respondent improperly expresses skepticism regarding the merits or likelihood of success by stating the measure "presumes" the Oklahoma Smart Justice Reform Act will save the State money. The Petitioners are concerned the rewritten ballot title suggests the initiative petition would siphon money traditionally devoted to other state programs by stating the "measure does not identify a revenue source that will be used to pay the amount that is determined or estimated to have been saved," and "[p]ayment into the Fund . . . would be made from the General Revenue Fund, the primary fund used to pay for state government." They believe this "gratuitous explanation" concerning the flow of funds serves only to suggest that the self-funding mechanism is somehow unlawful, inadequate, or would reduce funds that would otherwise be used to pay for state government. All of which, they assert, is impermissible argument in violation of 34 O.S. Supp. 2015, § 9. They argue their version of the ballot title is correct in that it simply informs voters the measure would create a fund that "consists of costs saved by reclassifying as misdemeanors certain property crimes and drug possession," regardless if the amount is $0 or $10 million.

¶14 The Respondent asserts his language does not convey partiality or bias against the measure. The word "presume" means "upon probable evidence."[7] He argues it is quite possible but not definite that the Oklahoma Smart Justice Reform Act may save the State money. Because it is not definite then the word "presume" is appropriate. In addition, the Respondent asserts the Petitioner's ballot title is deficient because it provides no explanation relating to the Office of Management and Enterprise Services' (OMES) role in the calculation and expenditure of funds. Because OMES has a substantial role in the calculation and disbursement of these Funds provided for in the initiative petition, he alleges, it is misleading not to mention OMES.

III. Ballot Title Word Limitation

¶15 Lastly, the Petitioners argue the two rewritten ballot titles exceed the 200-word limitation imposed by 34 O.S. Supp. 2015, § 9. Section 9 also requires language that clearly states a "yes" vote is a vote in favor of the proposition and a "no" vote is a vote against the proposition. 34 O.S. Supp. 2015, § 9 (B) (5). In order to comply with the law, the Respondent's rewritten ballot titles include the following language:

SHALL THE MEASURE BE APPROVED?

FOR THE MEASURE-YES _______

AGAINST THE MEASURE-NO _______

A "YES" vote is a vote in favor of this measure. A "NO" vote is a vote against this measure.

The Petitioners believe this required language should be included when calculating the 200-word limitation. The Petitioners note this Court recently did not include such language when determining the word count on a ballot title. See OCPA Impact, Inc. v. Sheehan, 2016 OK 84, ¶11, __P.3d__. However, they assert the issue was not briefed in that case.

¶16 The Respondent finds this line of argument misleading. He believes our opinion in OCPA Impact, Inc. v. Sheehan, 2016 OK 84, ¶11, __P.3d__, was clear, because this Court did not count the "boilerplate language" at the end of a ballot title towards the 200-word limit. The Respondent argues, "[r]equiring the substance of the ballot title to include boilerplate language that is 33-words long would detract from a proponent's or Attorney General's ability to include all of the relevant information." He requests this Court decline to read the 200-word limitation found in 34 O.S. Supp. 2015, § 9 to practically be only a 167-word limit.

IV. Title 34 O.S. Supp. 2015, § 10

¶17 The Petitioners reassert their original ballot titles are more appropriate than the two rewritten by the Respondent. We find the rewritten ballot titles to be misleading and partial. However, we conclude neither parties' proposed ballot titles sufficiently describe the measures involved. In addition, we reaffirm the purpose of a ballot title is to reflect the character and purpose of the measure. See In re Initiative Petition No. 360, State Question No. 662, 1994 OK 97, ¶25, 879 P.2d 810. We do not find the "boilerplate language" at the end of a ballot title, although a necessary part of the ballot title, was intended to reflect the character or purpose of the measure. We therefore hold, the 200-word limitation was intended for words that are used to reflect the character and purpose of a measure and is not applicable to the other required language found in 34 O.S. Supp. 2015, § 9 (B) (5). Under this interpretation, neither the Respondent's two rewritten ballot titles nor the Petitioners' proposed ballot titles exceed the 200-word limitation.

¶18 After considering the arguments and all the proposed ballot titles we hereby, pursuant to the authority vested in this Court by 34 O.S. Supp. 2015, § 10 (A)[8], present our own draft of the ballot titles' language concerning the character and purpose of the measures, as follows:

Initiative Petition 404 Ballot Title:

This measure amends existing Oklahoma laws and would change the classification of certain drug possession and property crimes from felony to misdemeanor. It would make possession of a limited quantity of drugs a misdemeanor. The amendment also changes the classification of certain drug possession crimes which are currently considered felonies and cases where the defendant has a prior drug possession conviction. The proposed amendment would reclassify these drug possession cases as misdemeanors. The amendment would increase the threshold dollar amount used for determining whether certain property crimes are considered a felony or misdemeanor. Currently, the threshold is $500. The amendment would increase the amount to $1000. Property crimes covered by this change include; false declaration of a pawn ticket, embezzlement, larceny, grand larceny, theft, receiving or concealing stolen property, taking domesticated fish or game, fraud, forgery, counterfeiting, or issuing bogus checks. This measure would become effective July 1, 2017.

Initiative Petition 405 Ballot Title:

This measure creates the County Community Safety Investment Fund, only if voters approve State Question 780, the Oklahoma Smart Justice Reform Act. This measure would create a fund, consisting of any calculated savings or averted costs that accrued to the State from the implementation of the Oklahoma Smart Justice Reform Act in reclassifying certain property crimes and drug possession as misdemeanors. The measure requires the Office of Management and Enterprise Services to use either actual data or its best estimate to determine how much money was saved on a yearly basis. The amount determined to be saved must be deposited into the Fund and distributed to counties in proportion to their population to provide community rehabilitative programs, such as mental health and substance abuse services. This measure will not become effective if State Question 780, the Oklahoma Smart Justice Reform Act, is not approved by the people. The measure will become effective on July 1 immediately following its passage.

CONCLUSION

¶19 For the foregoing reasons, we grant the Petitioners' application to assume original jurisdiction, find the proposed and rewritten ballot titles deficient, and rewrite the ballot titles pursuant to 34 O.S. Supp. 2015, § 10. Due to the exigencies related to the element of time affecting the situation involved herein, the usual 20-day period allowed by Okla.Sup.Ct.R. 1.13, 12 O.S. 2011, ch. 15, app.1, for the filing of petitions for rehearing generally, is, as applied to this case, reduced. The parties must file any petition for rehearing from this decision in the Office of the Clerk of the Supreme Court no later than 4:30 p.m. on Thursday, August 11, 2016.

APPLICATION TO ASSUME ORIGINAL JURISDICTION IS GRANTED;
BALLOT TITLES DECLARED DEFICIENT AND ARE HEREBY AMENDED
BY THIS COURT PURSUANT TO TITLE 34 O.S. SUPP. 2015, § 10

¶20 REIF, C.J., COMBS, V.C.J., and KAUGER, WATT, EDMONDSON, and GURICH, JJ., concur.

¶21 TAYLOR, J., with whom WINCHESTER, J., joins, dissenting:

I would approve the ballot titles written by the Attorney General.

¶22 COLBERT, J., not participating.

FOOTNOTES

[1] Letter dated June 9, 2016, from the Attorney General to the Secretary of State; Appendix to the Petitioners' Application to Assume Original Jurisdiction and Combined Petition to Review the Ballot Titles of Initiative Petitions 404 and 405, Appendix 5.

[2] Letter dated June 9, 2016, from the Attorney General to the Secretary of State; Appendix to the Petitioners' Application to Assume Original Jurisdiction and Combined Petition to Review the Ballot Titles of Initiative Petitions 404 and 405, Appendix 6.

[3] Case No. 115,113 (Initiative Petition 404) and Case No. 115,114 (Initiative Petition 405).

[4] Title 34 O.S. Supp. 2015, § 9 (B) provides:

B. The parties submitting the measure shall also submit a suggested ballot title to the Secretary of State which shall be filed on a separate sheet of paper and shall not be part of or printed on the petition. The suggested ballot title:

1. Shall not exceed two hundred (200) words;

2. Shall explain in basic words, which can be easily found in dictionaries of general usage, the effect of the proposition;

3. Shall not contain any words which have a special meaning for a particular profession or trade not commonly known to the citizens of this state;

4. Shall not reflect partiality in its composition or contain any argument for or against the measure;

5. Shall contain language which clearly states that a "yes" vote is a vote in favor of the proposition and a "no" vote is a vote against the proposition; and

6. Shall not contain language whereby a "yes" vote is, in fact, a vote against the proposition and a "no" vote is, in fact, a vote in favor of the proposition.

[5] In Initiative Petition No. 360, 1994 OK 97, ¶25, 879 P.2d 810, this Court held:

Normally, where the ballot title submitted by the Attorney General is found sufficient it is generally used regardless of the sufficiency of those submitted by other parties. In re Initiative Petition No. 347, supra, 813 P.2d at 1032. However, the basic statutory requirements of § 9 must be met and we have outlined the requirements of a ballot title in previous cases. Id; Arthur v. City of Stillwater, 611 P.2d 637, 643 (Okla. 1980). These cases provide the title must be in a form to allow a voter to reach an informed decision on whether to approve or disapprove the measure. The question must be specific, but it is not required to contain the proposition from beginning to end. The title must reflect the character and purpose of the measure and it must not be deceptive or misleading. It must also be free from uncertainty and ambiguity. The test is whether the title is couched in such a way that voters are afforded an opportunity to fairly express their will, and whether the question is sufficiently definite to apprise voters with substantial accuracy what they are asked to approve.

[6] Title 63 O.S. Supp. 2012, § 2-402 (C) provides:

C. Any person who violates any provision of this section by possessing or purchasing a controlled dangerous substance from any person, in or on, or within one thousand (1,000) feet of the real property comprising a public or private elementary or secondary school, public vocational school, public or private college or university, or other institution of higher education, recreation center or public park, including state parks and recreation areas, or in the presence of any child under twelve (12) years of age, shall be guilty of a felony and punished by:

1. For a first offense, a term of imprisonment, or by the imposition of a fine, or by both, not exceeding twice that authorized by the appropriate provision of this section. In addition, the person shall serve a minimum of fifty percent (50%) of the sentence received prior to becoming eligible for state correctional institution earned credits toward the completion of said sentence; or

2. For a second or subsequent offense, a term of imprisonment not exceeding three times that authorized by the appropriate provision of this section and the person shall serve a minimum of ninety percent (90%) of the sentence received prior to becoming eligible for state correctional institution earned credits toward the completion of said sentence, and imposition of a fine not exceeding Ten Thousand Dollars ($10,000.00).

[7] Black's Law Dictionary 1349 (4th ed. 1968).

[8] Title 34 O.S. Supp. 2015, § 10 (A) provides:

A. Any person who is dissatisfied with the wording of a ballot title may, within ten (10) business days after the same is published by the Secretary of State as provided for in subsection I of Section 8 of this title, appeal to the Supreme Court by petition in which shall be offered a substitute ballot title for the one from which the appeal is taken. Upon the hearing of such appeal, the court may correct or amend the ballot title before the court, or accept the substitute suggested, or may draft a new one which will conform to the provisions of Section 9 of this title.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1994 OK 97, 879 P.2d 810, 65 OBJ 2546, In Re Initiative Petition No. 360, State Question No. 662
Discussed at Length
 2007 OK 48, 164 P.3d 125, IN RE: INITIATIVE PETITION NO. 384, STATE QUESTION NO. 731
Discussed at Length
 1980 OK 64, 611 P.2d 637, Arthur v. City of Stillwater
Cited
 2016 OK 84, OCPA IMPACT, INC. v. SHEEHAN
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1716, 21 O.S. 1716, Larceny of Livestock or Implements of Husbandry - Penalty
Cited
 21 O.S. 1720, Theft of Aircraft, Automobile, Automotive Driven Vehicle, or Construction or Farm Equipment
Cited
 21 O.S. 1723, Larceny from Building
Cited
Title 34. Initiative and Referendum
 Cite
Name
Level

 34 O.S. 8, Filing Copy of Proposed Petition - Publication - Protest - Hearing and Determination - Signature Gathering Deadline
Discussed at Length
 34 O.S. 9, Ballot Title - Filing - Review - Appeal
Discussed at Length
 34 O.S. 10, Appeal Upon Question of Ballot Title
Discussed at Length
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-402, Prohibited Acts B - Penalties
Discussed at Length
 63 O.S. 2-203, Schedule I Characteristics
Cited